## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| | : | |
| **v.** | : | **18 U.S.C. § 371** |
| | : | **(Criminal Conspiracy)** |
| **MARK GRODS,** | : | |
| | : | **18 U.S.C. § 1512(c)(2), 2** |
| Defendant. | : | **(Obstruction of an Official Proceeding)** |
| | : | |
| | : | **FILED UNDER SEAL** |

### GOVERNMENT'S MOTION TO SEAL
### CRIMINAL INFORMATION

The United States of America respectfully moves for this Court to issue an Order directing that the criminal Information, this Motion to Seal, and the accompanying Order to Seal, be placed under seal until further order of the Court. In support of its motion, the Government, which incorporates by reference the accompanying criminal Information, states as follows:

The government's filing of a criminal Information for defendant, Mark Grods, is part of an ongoing grand jury investigation and plea negotiation related to *United States v. Thomas Caldwell, et al.*, Case Number 21-cr-28. The defendant is scheduled to plead guilty before the Court to the charges detailed in the criminal Information, pursuant to a cooperation plea agreement, at 2pm on June 30, 2021. Until then, the defendant's cooperation as it relates to the ongoing investigation will not be public information.

At this time, the government requests that the criminal Information, this Motion to Seal, and the accompanying Order to Seal, be placed under seal until the Court publicly dockets the plea hearing for Mark Grods on the morning of June 30, 2021. Disclosure of these documents and this docket would endanger other aspects of the government's ongoing investigation, including the destruction of evidence and the safety of potential witnesses, to include the defendant. Making

the criminal Information public may reveal the existence of the defendant's cooperation and potential plea, given that the filing of an Information by the government typically precedes a guilty plea.   Further, disclosure may reveal the existence, scope, and direction of the ongoing investigation.  If alerted to this information, investigation targets against whom the defendant may be providing information about could be immediately prompted to flee from prosecution, destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, attempt to influence or intimidate potential witnesses, and otherwise take steps to undermine the investigation and avoid future prosecution.  Accordingly, these facts present an extraordinary situation and a compelling governmental interest which justify sealing of the criminal Information and other related documents.  *See Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991); *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980).

The government also requests relief from notification requirements for "related cases," detailed in Local Criminal Rule 57.12(b)(3), which states in relevant part, "Whenever an attorney for a party in a civil or criminal action becomes aware of the existence of a related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties."  Specifically, the government requests relief from the need to notify defendants in the related case – *United States v. Thomas Caldwell*, Case Number 21-cr-28 – until the Court publicly dockets the defendant's plea hearing on the morning of June 30, 2021.  Delaying the government's need to notify other defendants about Mark Grod's related case between the filing of the criminal Information on June 28 and his public plea hearing on June 30, 2021, will ensure the defendant's safety while he cooperates pursuant to his plea agreement and testifies before the grand jury.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the criminal Information, this Motion to Seal, and the accompanying Order to Seal, be placed under seal until further order of the Court.

Respectfully submitted,

CHANNING B. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

By: _____

TROY A. EDWARDS, JR.
Assistant United State Attorney
N.Y. Bar No. 5453741
Ahmed M. Baset
Louis Manzo
Jeffrey S. Nestler
Kathryn L. Rakoczy
555 4th Street, N.W.,
Washington, D.C. 20530


*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

3

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Criminal No. 21-cr-XXX** |
| | **:** | |
| **v.** | **:** | **18 U.S.C. § 371** |
| | **:** | **(Criminal Conspiracy)** |
| **MARK GRODS,** | **:** | |
| | **:** | **18 U.S.C. § 1512(c)(2), 2** |
| **Defendant.** | **:** | **(Obstruction of an Official Proceeding)** |
| | **:** | |
| | **:** | **FILED UNDER SEAL** |

## ORDER

Upon consideration of the Government's Motion to Seal the criminal Information and docket, concerning the above-defendant, it is hereby

**ORDERED** that the criminal Information and docket, and the Government's Motion to Seal and this corresponding Court Order be sealed until the morning of June 30, 2021, when the Clerk of the Court shall unseal the docket entries and publicly docket the hearing scheduled for that afternoon;

**ORDERED** that notwithstanding the sealing, the government may obtain a Filed copy of the Information and may disclose the criminal Information in furtherance of its law enforcement and prosecution needs and discovery obligations.

June 29, 2021          _____
DATE                    HONORABLE AMIT P. MEHTA
                        UNITED STATES DISTRICT JUDGE
                        DISTRICT OF COLUMBIA