IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )    CR No. 21-437
                                    )    Washington, D.C.
       vs.                          )    June 30, 2021
                                    )    2:12 p.m.
MARK GRODS,                         )
                                    )
          Defendant.                )
_____     )


      TRANSCRIPT OF PLEA AGREEMENT HEARING PROCEEDINGS
          BEFORE THE HONORABLE AMIT P. MEHTA
             UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:           Troy A. Edwards, Jr.
                              U.S. ATTORNEY'S OFFICE
                              FOR THE DISTRICT OF COLUMBIA
                              555 4th Street, NW
                              Washington, D.C. 20001
                              (202) 252-7081
                              Email: troy.edwards@usdoj.gov


For the Defendant:            Brian Joseph Lockwood
                              LAW OFFICE OF
                              BRIAN J. LOCKWOOD, LLC
                              1111 Dauphin Street
                              Mobile, AL 36604-2511
                              (251) 434-5754
                              Email:
                              brian.lockwood@ymail.com

APPEARANCES CONTINUED:

Pretrial Services Officer:    Christine Schuck
                                     (via telephone)

Court Reporter:               William P. Zaremba
                                     Registered Merit Reporter
                                     Certified Realtime Reporter
                                     Official Court Reporter
                                     E. Barrett Prettyman CH
                                     333 Constitution Avenue, NW
                                     Washington, D.C. 20001
                                     (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

```
1                    P R O C E E D I N G S
2            COURTROOM DEPUTY:  All rise.  The Honorable
3    Amit P. Mehta presiding.
4            THE COURT:  Please be seated, everyone.
5            COURTROOM DEPUTY:  Your Honor, this is Criminal
6    Case No. 21-437, United States of America versus Mark Grods.
7            Troy Edwards for the government.
8            Brian Lockwood for the defense.
9            Christine Schuck on behalf of Pretrial Services.
10           The defendant is present for this hearing.
11           THE COURT:  Okay.  Counsel, good afternoon again.
12           Mr. Grods, am I pronouncing your last name
13   correctly?
14           THE DEFENDANT:  Yes, Your Honor.
15           THE COURT:  Mr. Grods, welcome, and good afternoon
16   to you.
17           All right.  I understand that Mr. Grods is
18   prepared to enter a plea; is that correct?
19           MR. LOCKWOOD:  Yes, Your Honor.
20           THE COURT:  Okay.
21           Just two things before we proceed; one is, I think
22   the plea agreement just needs a small correction -- and it's
23   a minor one.  On page 4, the top of page 4 indicates the
24   fine range for this as 20,000 to $250,000.  I believe, I
25   double-checked, but I think it's 20,000 to 200,000.  And I
```

1    don't know if anybody has the Guidelines to just verify

2    that, but I'm pretty sure that's what it is.

3              MR. EDWARDS:  That's correct, Your Honor.

4              THE COURT:  Okay.

5              Why don't you all just take a quick two seconds to

6    interlineate the plea agreement to make that change.  And

7    I'll ask Mr. Grods to just initial it with his counsel and

8    have the government counsel initial the change as well.

9              MR. EDWARDS:  Yes, Your Honor.

10             (Pause)

11             THE COURT:  Okay.  Thanks, everyone.

12             And then one other preliminary matter, and I did

13   the same thing with Mr. Young's counsel.

14             Mr. Lockwood, if I could just confirm with you a

15   few legal issues and that there's no objection from the

16   defense regarding these legal issues, and the first is, with

17   respect to 18 U.S.C. 1512(c)(2), that's the obstruction of

18   an official proceeding, the defendant is conceding that an

19   official proceeding, or I should say, that the certification

20   of the Electoral College constitutes an official proceeding

21   for purposes of that statute?

22             MR. LOCKWOOD:  Yes, Your Honor.

23             THE COURT:  Okay.

24             And then with respect to Guidelines 2J1.2 that

25   applies here, there are a couple of increased levels

1    associated with the offense that your client is pleading to;

2    the first is any offense that involved causing or

3    threatening to cause physical injury to a person or property

4    damage in order to obstruct the administration of justice.

5            You agree that this offense caused or threatened

6    to cause property damage; is that right?

7            MR. LOCKWOOD:  Yes, Your Honor.

8            THE COURT:  And then finally with respect to the

9    administration of justice component, are you in agreement

10   that the offense caused unnecessary expenditure of

11   substantial government resources and, therefore, qualifies

12   as a substantial interference with the administration of

13   justice?

14           MR. LOCKWOOD:  Yes, Your Honor.

15           THE COURT:  Okay.  Terrific.

16           With those preliminaries out of the way, does

17   anybody want to raise any other issues before I turn to

18   Mr. Grods and his counsel?

19           MR. EDWARDS:  Nothing from the government,

20   Your Honor.

21           THE COURT:  All right.

22           MR. LOCKWOOD:  One matter from the defense.

23           THE COURT:  All right.  Mr. Lockwood.

24           MR. LOCKWOOD:  Absolutely purely a housekeeping

25   measure:  Your Honor ordered me to file a notice of

1    appearance, which I am unable to do because the District's

2    case filing -- case management coordinator is on holiday

3    until next Tuesday.  With the Court's permission, I'll wait

4    until I am actually -- until she approves me and I'll do it

5    at that time.

6              THE COURT:  Not a problem, Mr. Lockwood.

7              MR. LOCKWOOD:  Thank you.

8              THE COURT:  And I don't know if you have a hard

9    copy of it with you that you intend to file.  If you do, you

10   can just give it to our Courtroom Deputy and we'll take care

11   of the filing.  But if it's a matter of not even having a

12   hard copy, you can file it with when you're able to do that.

13             MR. LOCKWOOD:  Thank you, Judge.

14             THE COURT:  Okay.

15             All right.  Why don't you and Mr. Grods come on up

16   to the podium here.

17             All right.  Mr. Grods, I understand from your

18   counsel that you wish to enter a guilty plea this afternoon;

19   is that correct, sir?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  All right.

22             Now, Mr. Grods, in order for me to accept your

23   guilty plea, sir, I need to ask you a series of questions.

24   Those questions are designed to satisfy me that you

25   understand the terms of your plea agreement and that you

1   understand what rights you're giving up by entering the

2   plea, okay?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  If at any point in time you don't

5   understand a question I have asked you, feel free to ask me

6   to repeat myself.  Is that understood?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  And if at any point in time you wish

9   to consult with your counsel before you answer a question,

10  you are free to do that.  Is that understood?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  All right.

13             Now, Mr. Grods, before I can start asking you

14  these questions, I have to place you under oath.  So

15  I'm going to ask you to please raise your right hand and

16  listen to the Courtroom Deputy.

17             COURTROOM DEPUTY:  Mr. Grods, raise your right

18  hand.

19             (Defendant is placed under oath.)

20             COURTROOM DEPUTY:  Thank you.

21             THE COURT:  All right.

22             MR. EDWARDS:  I apologize for interrupting.

23             I just wanted to ask, for a procedural matter,

24  whether he needed to be arraigned on the information before

25  the plea.

1          THE COURT:  Yes, I had forgotten that, so

2    thank you for the reminder.  So let's go ahead and just do

3    that.

4          Mr. Grods, what we need to do first is arraign

5    you; that is, announce the charges that have been filed

6    against you in open court and go through that process.

7          And, Mr. Lockwood, if you want to just enter a

8    plea -- it's up to you what plea you want to enter, but if

9    you want to enter a plea of not guilty pending the outcome

10   of the Rule 11 colloquy, that's fine at this point, okay?

11         MR. LOCKWOOD:  Yes, sir.

12         COURTROOM DEPUTY:  May the record reflect that the

13   defendant, through counsel, has received a copy of the

14   information.

15         Mr. Grods, in Criminal Case No. 21-437, you've

16   been charged with that following counts:

17         Count 1, conspiracy, in violation of Title 18

18   United States Code Section 371;

19         And Count 2, obstruction of an official proceeding

20   and aiding and abetting, in violation of Title 18

21   United States Code Sections 1512(c)(2) and Section 2.

22         Do you wish to waive a formal reading of the

23   information, and for purposes of this arraignment, how do

24   you wish to plead?

25         MR. LOCKWOOD:  We would waive the reading and

1    enter a plea of not guilty pending the outcome of the

2    hearing.

3              THE COURT:  Okay.  Thank you, Counsel.

4              All right.  Mr. Grods, let's return to the

5    questions associated with the plea.

6              So you've now been placed under oath.

7    Do you understand, sir, that what that means is that if you

8    testify falsely, you could be prosecuted for perjury or

9    making false statements?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  All right.

12             What is your date of birth, Mr. Grods?

13             THE DEFENDANT:  November 21st, 1966.

14             THE COURT:  And how far did you go in school, sir?

15             THE DEFENDANT:  Some college.

16             THE COURT:  All right.

17             And have you taken any drugs or medications or

18   anything else in the last two days that might make it

19   difficult for you to follow these court proceedings?

20             THE DEFENDANT:  No, Your Honor.

21             THE COURT:  And is there any other reason that you

22   can think of that might make it difficult for you to follow

23   these court proceedings?

24             THE DEFENDANT:  No, Your Honor.

25             THE COURT:  All right.  Does counsel for either

1  side have any reason to question Mr. Grods' competence to

2  enter a plea at this time?

3            MR. EDWARDS:  None from the government.

4            MR. LOCKWOOD:  None from defense.

5            THE COURT:  All right.

6            Based then upon my inquiries of Mr. Grods as well

7  as the representations of counsel, I find that he is fully

8  competent and capable of entering an informed plea.

9            Mr. Grods, were you born in the United States?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  And have you had enough time to talk

12 with your lawyer about the plea you wish to enter into?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  And are you satisfied with the

15 services that Mr. Lockwood has provided you?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  All right.

18           I understand, Mr. Grods, that instead of going to

19 trial, you wish to plead guilty to a criminal information.

20 That's just a way of charging you.  It charges you with two

21 counts:  Conspiracy, in violation of 18 United States

22 Code 371; and Count 2, which charges you with obstruction of

23 an official proceeding, in violation of 18 U.S.C.

24 1512(c)(2); is that correct, sir?

25           THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  All right.

2          Now, Mr. Grods, do you have your plea agreement in

3     front of you or can I ask the Courtroom Deputy to pass that

4     up to you if you don't have it in front of you?

5          All right.  Now, Mr. Grods, I want to just confirm

6     that before you is a 13-page document.  Is that 13-page

7     document your plea agreement in this case?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Okay.

10         And on page 13 of that agreement, that last page,

11    Mr. Grods, is that your signature?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  All right.

14         Now, Mr. Grods, have you had an opportunity to

15    read that document or have you had it read to you?

16         THE DEFENDANT:  Both.  Both, Your Honor.

17         THE COURT:  And are there any questions that you

18    have about that document that have not been yet answered to

19    your satisfaction?

20         THE DEFENDANT:  No, sir.  All questions have been

21    answered.

22         THE COURT:  Okay.

23         Now, Mr. Grods, I'm not going to go over every

24    single paragraph and every single line of that agreement.

25    What I'm going to go over this afternoon are the main points

```
1    of that agreement, which I'm required to do by rule, okay?
2              Now, just because I don't go over a particular
3    part of the agreement as to which you've made a promise,
4    that doesn't mean that you're not bound by every single
5    promise you've made in the agreement.  Is that understood?
6              THE DEFENDANT:  Yes, sir.
7              THE COURT:  First thing I'm going to do is go over
8    the general terms of the plea agreement, Mr. Grods, and then
9    I'm going to turn to the sentencing provisions of the
10   plea agreement, and then we'll turn to the rights that
11   you're waiving, okay?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  Now, as part of this plea agreement,
14   Mr. Grods, you've agreed to plead guilty to one count of
15   conspiracy, in violation of 18 U.S.C. 371, and one count of
16   obstruction of an official proceeding, in violation of
17   18 U.S.C. 1512(c)(2).
18             You also have agreed that a separate document that
19   is titled Statement of Offense fairly and accurately
20   describes your actions.  In exchange, the government has
21   agreed that it will not bring any other charges for the
22   conduct described in the Statement of Offense and that it
23   will also not bring any other charges for any non-violent
24   criminal offense that you may have committed in violation of
25   federal or D.C. law within the District of Columbia before
```

1    you executed the agreement and about which the

2    U.S. Attorney's Office was made aware by you before the

3    execution of the agreement; however, the

4    U.S. Attorney's Office has reserved the right to prosecute

5    you for any crime of violence that you may have committed.

6            Do you understand those terms of your

7    plea agreement, sir?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  Let's talk about another aspect of

10   this Plea Agreement, and that is, you've agreed to cooperate

11   with the United States in this case; that is, the

12   prosecutors.  Do you understand that that means, among other

13   things, Mr. Grods, that you've agreed to provide testimony

14   before the Grand Jury or at trial?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  You also have agreed to sit with

17   witnesses [sic] with government agents, or government

18   prosecutors.  Is that understood?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  If you're asked to sit for those

21   interviews, you've waived your right to counsel for those

22   interviews; however, you can request counsel be present if

23   you wish?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  You also understand that any

1    statements that you make in connection with those interviews

2    or in testimony can be used against you?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  And you also have agreed to turn over

5    all evidence of crimes, contraband, and proceeds of any

6    crimes, as well as disclose any assets that are traceable to

7    such crimes?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  And, finally, you've also agreed to

10   provide a full and complete accounting of your financial

11   assets.  Do you understand that?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  All right.

14             Now let's talk about the sentencing terms that

15   govern your plea agreement, Mr. Grods.

16             First thing I'm going to do is talk about the

17   maximum penalties associated with the two offenses and then

18   we'll talk about the Sentencing Guidelines.

19             So first, with respect to the count of conspiracy,

20   do you understand that the maximum penalty is five years in

21   prison?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  The maximum fine of $250,000?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  A term of supervised release of not

1    more than three years?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  And an obligation to pay any order of

4    restitution?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  As well as pay any interest or

7    penalties on any fine that's not timely paid?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  In addition, you will owe $100 to the

10   Court as a special assessment?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  All right.

13             With respect to Count 2, that is, obstruction of

14   an official proceeding, do you understand, Mr. Grods, that

15   the maximum penalty is 20 years in prison?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  A maximum fine of $250,000?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Supervised release of not more than

20   three years?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  An obligation to pay orders of

23   restitution?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And an obligation to pay any interest

1    or penalties on any fine that's not timely paid?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  And, finally, you'll also be obligated

4    to pay a second special assessment of $100, for a total of

5    $200.  Is that understood?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  All right.

8              Now, Mr. Grods, those are the -- yes, sir.

9              MR. LOCKWOOD:  Your Honor, I believe that the

10   maximum fine of Count 2, didn't we adjust that earlier?

11             THE COURT:  We adjusted the Guidelines Range, not

12   the maximum.

13             MR. LOCKWOOD:  I'm sorry.

14             THE COURT:  That's okay.

15             All right.  So let's turn now to the Sentencing

16   Guidelines, Mr. Grods, and let's talk about how they're

17   going to apply in this case.

18             First and foremost, I want to confirm that you've

19   talked to your lawyer about the Sentencing Guidelines?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  All right.

22             Now, what those Sentencing Guidelines provide,

23   Mr. Grods, is they're essentially based upon three factors:

24   One, your criminal history, the offenses to which you're

25   pleading, and the facts and circumstances of those offenses,

1    and we're going to go over those now.

2            With respect to your criminal history, Mr. Grods,

3    the parties have estimated that you have no prior criminal

4    convictions, and, therefore, would be in Criminal History

5    Category I.  Do you understand that?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  Now, Mr. Grods, that is just an

8    estimate at this point.  And what will happen prior to

9    sentencing is that the Probation Office will do what's

10   called a Presentence Report.  Among the things they will do

11   in that Presentence Report is do a complete evaluation of

12   your criminal history.  Do you understand that?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  And if it turns out for some reason,

15   Mr. Grods, that you do have prior criminal convictions and

16   that your Criminal History Category is higher than I, that

17   would not be a basis for you to withdraw your plea?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  All right.

20           Let's talk about the offense level that will apply

21   in this case.

22           Now, the parties have come up with the following

23   offense calculation.  The Base Offense Level in this case is

24   a 14, and eight levels will be added because the offense

25   involved causing or threatening to cause physical injury to

1   a person or property damage in order to obstruct the

2   administration of justice, an additional three levels for

3   the substantial interference with the administration of

4   justice, an additional two levels because the offense

5   involved -- was either extensive in scope, planning, or

6   preparation.

7           Additionally, you've agreed that an additional

8   two-level increase will be warrantied for obstruction, and

9   that is specifically deleting Signal Communications.

10          That provides for a total offense level of a 29.

11  That will be reduced by two levels, because the government

12  has agreed that you played a minor role in the offense, as

13  well as an additional three-level reduction for it because

14  you're accepting responsibility.

15          That would provide a total offense level for the

16  conduct of 24.  Do you understand that, sir?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  All right.

19          Now, Mr. Grods, that's a lot to take in, but

20  bottom line is, that is the estimated Base Offense Level

21  based upon the conduct that you and your lawyer and the

22  government have agreed to.

23          Now, just like your criminal history, that 24 is

24  just an estimate at this point.  Is that understood?

25          THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  And the Probation Office, in addition

2    to doing your Criminal History score, will also make a

3    recommendation to me as to what the total offense level

4    should be in this case.  Is that understood?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  And if it turns out that the total

7    offense level is greater than 24 and I accept it to be

8    greater than 24, that would not be a basis for you to

9    withdraw your plea.  Is that understood, sir?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  All right.

12          Based then upon a Criminal History score of I or

13    Criminal History Category of I, I should say, and a total

14    offense level of 24, the estimated Guidelines Range in this

15    case is 51 months to 63 months of incarceration.  Is that

16    understood, sir?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  As well as a fine range of 25,000 --

19    excuse me -- of 20,000 to $200,000.  Do you understand that?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Now, again, Mr. Grods, because this is

22    just an agreement based upon the parties, this is just an

23    estimate at this point in time as to what the

24    Guidelines Range in this case will be.  Ultimately, the

25    decision as to what the Guidelines Range that will apply at

1    sentencing, that decision is mine and mine alone.  Do you

2    understand that, sir?

3                THE DEFENDANT:  Yes, Your Honor.

4                THE COURT:  And if it turns out that I determine

5    the Guidelines Range is actually higher than 51 to 63

6    months, that would not be a basis for you to withdraw your

7    plea.  Is that understood?

8                THE DEFENDANT:  Yes, Your Honor.

9                THE COURT:  Now, Mr. Grods, let's talk about a few

10   other aspects of the agreement with respect to sentencing.

11               The parties have agreed in this case not to ask

12   for either an upward or departure -- excuse me, an upward

13   departure or a downward departure of the estimated

14   Guidelines, with one exception.  What that means is the

15   government has agreed not to ask for a Guidelines Range

16   that's, say, for example, if the Guidelines are 51 to 63

17   months, the government has said that they won't ask for a

18   higher Guidelines Range to apply.  Is that understood?

19               THE DEFENDANT:  Yes, Your Honor.

20               THE COURT:  Likewise, you've agreed that a lower

21   Guidelines Range will not apply.  Is that understood?

22               THE DEFENDANT:  Yes, Your Honor.

23               THE COURT:  And the only exception to that is, the

24   government has agreed to reserve the right to file what's

25   called a 4K -- excuse me, a 5K1.1 motion based upon your

1  cooperation.  Do you understand that?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And what that means, Mr. Grods, is

4  that if the government believes that you've substantially

5  cooperated with them, they can file a motion asking me to

6  reduce the Guidelines Range that would apply at sentencing?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Now, Mr. Grods, do you understand that

9  the decision whether to file that 5K1.1 motion, that is up

10 to the United States and the United States alone?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  And if, for example, you believe that

13 you've provided all the cooperation they've asked for, but

14 they disagree, it's out of my hands, I can't force them to

15 file such a motion.  Do you understand that?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Also, Mr. Grods, do you understand

18 that it is just a motion?  And so if the government files

19 that motion, it's still up to me whether -- to decide

20 whether to grant that motion or not.

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  And so finally, Mr. Grods,

23 do you understand that if, for example, the government

24 decides not to file this 5K1.1 motion, that would not be a

25 basis for you to withdraw your plea?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Nor would it be a basis for you to

3   withdraw your plea if I denied the motion if the government

4   did file it.  Do you understand that?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.

7          You also have agreed, as part of this

8   plea agreement, Mr. Grods, that you will not argue for a

9   different offense level in this case.  So you've estimated,

10  with the government, that your offense level is a 24, and so

11  you've agreed not to ask for an offense level that is lower

12  than 24?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  You have, however, argued that a

15  different Criminal History score could apply if for some

16  reason the Criminal History score is greater than zero?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  All right.

19         Now, Mr. Grods, has anybody promised you what my

20  sentence will be in this case?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  All right.

23         That's good, because nobody can, Mr. Grods.

24  The ultimate decision about what your sentence will be in

25  this case is mine and mine alone.

1          Now, in addition to the Guidelines, Mr. Grods, you

2    need to understand that that's not the only thing I consider

3    at sentencing.  I'm required by law to consider a whole host

4    of other statutory factors.  Among them are your history,

5    your work history, employment history, family history, any

6    good works and deeds that you've done, you can bring all of

7    that to my attention.  Do you understand that?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Likewise, the government can bring

10   anything they would like for me to learn about you,

11   including the facts and circumstances of your offense.

12   Do you understand that?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  So I'm supposed to require -- I'm

15   supposed to consider the Guidelines, plus all of those other

16   statutory factors, in determining what your final sentence

17   will be.  Do you understand that?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  And you have reserved the right in

20   this case, Mr. Grods, to ask for a sentence that is below

21   the Guidelines Range.  Do you understand that, sir?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  But do you understand the fact that

24   you've reserved the right to ask for a sentence below the

25   Guidelines Range doesn't mean, in fact, that I will impose

1   such a sentence?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And what that means, Mr. Grods, is

4   I can sentence you to below the Guidelines Range, within the

5   Guidelines Range, or even above the Guidelines Range, up to

6   the statutory maximum penalty as your final sentence?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And, Mr. Grods, if, for whatever

9   reason, you're not happy with the final sentence I impose,

10  that would not be a basis for you to withdraw your plea.

11  Is that understood?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  All right.

14         Mr. Grods, let's move on to the concept of

15  restitution.

16         Restitution is a concept in which somebody who is

17  convicted of an offense has to pay a certain amount to the

18  victim in this case to make that victim whole.  In this

19  case, the victim would be the United States and the damage

20  that was done to the property of the Capitol building.

21         Do you understand that as part of your plea,

22  you've agreed that the approximate damage to the Capitol

23  building was just south of $1.5 million?  Do you understand

24  that?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  And you've agreed, as part of this

2    plea agreement, to pay $2,000 in restitution?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Now, do you understand, Mr. Grods,

5    that the decision about what restitution will actually be,

6    that that's up to me ultimately and that's my decision?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And if for some reason I decide that

9    the restitution amount should be greater than $2,000, that

10   wouldn't be a basis to withdraw your plea?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Okay.

13         Now, Mr. Grods, there is another document that's

14   associated with this plea agreement, it's called Statement

15   of Offense.  Do you have that in front of you, sir?  Or I'll

16   ask the Courtroom Deputy to pass that up.

17         All right.  I'll just ask you to take a look at

18   this six-page document, Mr. Grods, and ask -- and let me

19   know and confirm that this is the Statement of Offense that

20   is associated with your plea agreement, sir?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  All right.

23         Now, Mr. Grods, on page 6 of that agreement, is

24   that your signature, sir?

25         THE DEFENDANT:  Yes, Your Honor, it is.

1          THE COURT:  And have you had an opportunity to

2   read this document or have you had it read to you, sir?

3          THE DEFENDANT:  Both, sir.

4          THE COURT:  And any questions that you may have

5   about this document, have they been answered to your

6   satisfaction?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  All right.

9          Before we turn to the document itself, I'm going

10  to ask the government to just announce what the elements are

11  for each offense.

12          And so I'll ask you to listen to government

13  counsel and then I'll ask you whether you understand what

14  the elements are for each offense.

15          THE DEFENDANT:  Yes, Your Honor.

16          MR. EDWARDS:  Thank you, Your Honor.

17          For the first offense, 18 U.S.C. Section 371,

18  criminal conspiracy, the elements are that the defendant

19  entered into an agreement with at least one other person to

20  commit a specific offense, in this case, obstruction of an

21  official proceeding.

22          The second element is the defendant knowingly

23  participated in the conspiracy with the intent to commit the

24  offense and at least one overt act was committed in

25  furtherance of the conspiracy.

1          THE COURT:  All right.  Thank you, Mr. Edwards.

2          All right, Mr. Grods, do you understand those

3   elements to be the elements of the offenses with which you

4   are charged and intend to plead guilty?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.

7          Now, Mr. Grods is -- you can have a seat,

8   Mr. Edwards.

9          MR. EDWARDS:  If you would like, I can go over the

10  elements for the second charge.

11         THE COURT:  Oh, I'm sorry.  I thought you went

12  over both.

13         MR. EDWARDS:  That's okay.

14         THE COURT:  Sorry.  Go ahead.

15         MR. EDWARDS:  For the second offense, 18 U.S.C.

16  Section 1512(c)(2), obstruction of an official proceeding,

17  the elements are that the defendant obstructed, influenced,

18  or impeded any official proceeding and that the defendant

19  acted corruptly.

20         THE COURT:  All right.  Thank you, Mr. Edwards.

21         Mr. Grods, those are the elements with respect to

22  the second offense.  Do you understand those elements, sir?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  All right.

25         Now, with respect to the remaining portions --

1   with respect to this Statement of Offense, this Statement of

2   Offense document describes the conduct that is the basis of

3   your guilty plea; is that correct, sir?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  And does this document fairly and

6   accurately describe the conduct that is the basis of the

7   guilty plea?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  And in particular, if I could just ask

10  you to confirm, Mr. Grods, on paragraph 17 of the guilty

11  plea, you have agreed that at the time you forcibly entered

12  the building, you believed that you and others, other

13  co-conspirators, were trying to obstruct, influence, and

14  impede an official proceeding; that is, a proceeding before

15  Congress, specifically, Congress's certification of the

16  Electoral College vote; is that correct?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  And in paragraph 18, you've agreed

19  that you acted to affect the government by stopping or

20  delaying the congressional proceeding and, in fact, did so,

21  and that you accomplished this by intimidating and coercing

22  government personnel who are participating in or supporting

23  the congressional proceeding?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Okay.

1          All right, now, Mr. Grods, let's turn to one last

2     thing and then we'll get to your rights.

3          I want to just make sure you understand, with

4     respect to whether you are released or not pending

5     sentencing, Mr. Grods, the decision about whether to release

6     you pending sentencing, that's my decision.  Do you

7     understand that, sir?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  And if for whatever reason I were to

10    decide to hold you and you're unhappy about that, that would

11    not be a basis for you to withdraw your plea.  Is that

12    understood?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  All right.

15         Let's talk then about the rights you are giving

16    up, Mr. Grods, by entering this plea.

17         Let's start off, Mr. Grods, do you understand that

18    you are not required to plead guilty and that if you want to

19    go and have a trial and sit for a trial on the charges, you

20    have a right to do that?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  All right.

23         Let's start with the way you're charged,

24    Mr. Grods.  You are pleading to what's called an

25    information; however, because you are pleading to felony

1   charges, you have a right under the Constitution to be

2   charged by a Grand Jury.  What that means is that there are

3   a group of citizens who would sit and listen to the

4   government's evidence as it was presented and they would

5   determine whether there was probable cause to charge you.

6   Do you understand that?

7         THE DEFENDANT:  Yes, Your Honor.

8         THE COURT:  By entering a plea, however, and

9   agreeing to plead to an information, Mr. Grods, you're

10  giving up your right to be indicted and charged by a

11  Grand Jury.  Do you understand that, sir?

12        THE DEFENDANT:  Yes, Your Honor.

13        THE COURT:  You would have a right to go to a

14  trial if you wish, Mr. Grods, and you would be presumed

15  innocent at that trial.  Do you understand that?

16        THE DEFENDANT:  Yes, Your Honor.

17        THE COURT:  And the government would bear the

18  burden of proving your guilt at trial beyond a reasonable

19  doubt, and a part of that burden would involve having the

20  government proving your guilt to 12 jurors, and those jurors

21  would have to decide unanimously to convict you.  Do you

22  understand that, sir?

23        THE DEFENDANT:  Yes, Your Honor.

24        THE COURT:  By entering a plea today, Mr. Grods,

25  do you understand there will be no presumption of innocence

1  that will apply at a trial?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And you also are relieving the

4  burden -- you're agreeing to relieve the government of the

5  burden of having to convince 12 jurors unanimously to

6  convict you beyond a reasonable doubt?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  You also would have the right to have

9  a lawyer present with you at trial, Mr. Grods; that is,

10 Mr. Lockwood would be your counsel.  Among other things, he

11 would make motions, he would make objections to the

12 government's evidence, and he would have an opportunity to

13 question the government's witnesses.  Is that understood?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  By entering a plea, however, you are

16 giving up your right to have a lawyer represent you at

17 trial?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  You also would have the right to

20 present a defense, Mr. Grods.  And what that means is, with

21 your lawyer's assistance, you could call any witnesses or

22 present any evidence that you wish that you believe would

23 assist you in demonstrating to the ladies and gentlemen that

24 you are not guilty of the offenses with which you are

25 charged.  Do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  However, by entering a plea today,

3    sir, you understand you're giving up your right to present a

4    defense at trial?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  You also would have the right to

7    testify at trial, Mr. Grods.  And what that means is that

8    you could get up on this witness stand and explain to the

9    ladies and gentlemen of the jury why you are not guilty of

10   the offenses with which you are charged.  Do you understand

11   that?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  You also would have the right not to

14   testify, Mr. Grods, in which case I would advise -- not

15   advise -- I would instruct the ladies and gentlemen of the

16   jury that that decision could not be used against you.

17   Do you understand that, sir?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  By entering a plea, however, you're

20   giving up your right to testify at trial, Mr. Grods, and

21   you're giving up your right to remain silent and have me

22   instruct the jury that that decision could not be used

23   against you?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  You also, Mr. Grods, would have the

1   right to an appeal following a trial.  What that means is

2   that if you were convicted following a trial, there's a

3   higher court, the D.C. Circuit, the D.C. Circuit would

4   review all the proceedings before me, both before, during,

5   and after trials, and decide whether I had made any mistakes

6   and whether you were entitled to a new trial.  Do you

7   understand that?

8               THE DEFENDANT:  Yes, Your Honor.

9               THE COURT:  If you could not afford a lawyer for

10  purposes of an appeal, the Court of Appeals would appoint

11  one for you.  Do you understand that, sir?

12              THE DEFENDANT:  Yes, Your Honor.

13              THE COURT:  By entering a plea today, however,

14  sir, do you understand you're giving up your right to an

15  appeal following a trial and having the Court of Appeals

16  appoint a lawyer for you if you could not afford one, sir?

17              THE DEFENDANT:  Yes, Your Honor.

18              THE COURT:  You also would have the right,

19  Mr. Grods, to appeal your sentence in this case.  And what

20  that means is that at sentencing, your lawyer could make

21  arguments, objections, and you could appeal those arguments

22  and objections if I disagree with them; you could appeal the

23  sentence itself; you could appeal the Guidelines

24  calculation; there could be any number of decisions that I

25  make that you could appeal following sentencing.  Do you

1    understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  By entering this plea, however, sir,

4    you're giving up your right to appeal your sentence, do you

5    understand that, with a couple of exceptions?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Those exceptions are, you're reserving

8    your right to appeal a sentence above the statutory maximum

9    penalties, as well as appeal a sentence above the Guidelines

10   Range.  Do you understand that?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  All right.

13             You also would be entitled, Mr. Grods, to the

14   appointment of counsel for purposes of an appeal following a

15   sentence if you could not afford one.  But by entering this

16   plea today, sir, you're giving up the right to have such

17   counsel appointed, except for with respect to those two

18   exceptions.  Do you understand that?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  You are preserving the right, however,

21   Mr. Grods, to raise on appeal that you've not received

22   effective assistance of counsel either in connection with

23   this plea here today or in connection with your sentencing.

24   Do you understand?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  All right, Mr. Grods, we're almost

2     getting toward the end.

3          The final right that you're giving up here, you're

4     giving up your right to file what's called a collateral

5     attack of your conviction and sentence.  And what the

6     collateral attack is essentially a motion you could file in

7     which you would argue that there was something fundamentally

8     wrong with these proceedings or that your rights were

9     impaired or violated in some way.  Do you understand that,

10    sir?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  You are, however, by entering this

13    plea, giving up your right to file a collateral attack, with

14    a couple of exceptions.  Do you understand that?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Those two exceptions, Mr. Grods, are

17    that if newly discovered evidence is -- if you discover new

18    evidence that goes to your innocence, you could file a

19    collateral attack.  Do you understand that?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  And you also are reserving your right

22    to file a collateral attack motion if you believe your

23    lawyer has not provided you with effective assistance of

24    counsel, either in connection with your plea or at

25    sentencing.  Is that understood?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  All right.

3              Now, Mr. Grods, in addition to all of these rights

4    that you're giving up, your trial rights, your Grand Jury

5    rights, your appeal rights, collateral attack rights, by

6    entering a plea today, because these two counts are

7    felonies, you may be deprived of valuable civil rights, such

8    as the right to vote, the right to hold certain jobs, the

9    right to serve on a jury, and the right to possess a

10   firearm.  Do you understand that?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Now, understanding all the rights that

13   you're giving up by pleading guilty, do you still wish to

14   plead guilty, sir?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  And do you have any questions about

17   what rights you're giving up or anything else in connection

18   with this guilty plea, sir?

19             THE DEFENDANT:  No.  Nothing.

20             THE COURT:  All right.

21             Has anybody forced you, threatened you, or coerced

22   you in any way to get you to plead guilty, sir?

23             THE DEFENDANT:  No, Your Honor.

24             THE COURT:  All right.

25             Then how do you plead on Count 1, the charge of

1  conspiracy, sir?

2          THE DEFENDANT:  Guilty.

3          THE COURT:  And on Count 2, obstruction of an

4  official proceeding, how do you plead, sir?

5          THE DEFENDANT:  Guilty.

6          THE COURT:  All right.

7          Any questions I didn't ask of Mr. Grods that

8  I should have?

9          MR. EDWARDS:  Your Honor, the only question --

10  I know that we went over the right to an indictment.  I was

11  curious if the Court was interested in having him go over

12  the actual Waiver of Indictment and that he actually signed

13  it, just in case the Court was interested.

14          THE COURT:  I can do that if necessary.

15          Mr. Douyon, do you have the waiver forms -- or

16  I guess I have the waiver forms.

17          Just to confirm, I want to pass up a couple of

18  documents; one is called Waiver of Trial and one is called

19  Waiver of Indictment.  Do you see those forms in front of

20  you, sir?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And can I just ask you to confirm that

23  that is your signature on those pages, sir?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  All right.

1          And you've had an opportunity to read those

2     documents before you signed it?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Okay.  Thank you.

5          All right.  Anything else?

6          MR. EDWARDS:  Nothing from the government.

7          THE COURT:  Anything from defense counsel?

8          MR. LOCKWOOD:  Not from defense, Your Honor.

9          THE COURT:  All right.

10         So I'm satisfied that Mr. Grods understands his

11    rights and what he's waiving and agreeing to plead guilty

12    to.  I find that he's entering his plea voluntarily.  I find

13    that there's a factual basis for the plea, and, therefore, I

14    accept Mr. Grods' plea and find him guilty of one count of

15    conspiracy, in violation of 18 U.S.C. 371 and one count of

16    obstruction of an official proceeding, in violation of

17    18 U.S.C. 1512(c)(2).

18         Now, Mr. Grods, there will be -- as I mentioned

19    earlier, there will be something called a Presentence Report

20    prepared before sentencing in this case.  What that will

21    involve is an interview of you by the Probation Office; the

22    office will ask you a whole host of questions about your

23    background, family, occupational history, et cetera.

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  You'll have the opportunity, if you

1    wish, to have your lawyer with you at that interview.

2    Do you understand that, sir?

3                THE DEFENDANT:  Yes, Your Honor.

4                THE COURT:  You also will have the right to review

5    that Presentence Report before it's final and submitted to

6    me?

7                THE DEFENDANT:  Yes, Your Honor.

8                THE COURT:  And then, Mr. Grods, you also, through

9    your lawyer, will have the opportunity to present any

10   information that you'd like for me to consider at

11   sentencing?

12               THE DEFENDANT:  Yes, Your Honor.

13               THE COURT:  And, finally, sir, you'll have the

14   opportunity to address me at sentencing if you wish?

15               THE DEFENDANT:  Yes, Your Honor.

16               THE COURT:  Okay.

17               Gentlemen, why don't you have a seat.  Let's talk

18   about next steps.

19               Mr. Edwards, I take it you want to put off a

20   sentencing date and put off a presentence report?

21               MR. EDWARDS:  That's right, Your Honor.

22               THE COURT:  Okay.

23               So why don't we do, as I think we've done with

24   others, which is just, we'll ask you all to submit a Joint

25   Status Report in 60 days.

```
 1              MR. EDWARDS:  Understood.
 2              THE COURT:  And just let me know how you wish to
 3     proceed on that 60-day mark and we'll take it from there,
 4     all right?
 5              MR. EDWARDS:  Sounds good.
 6              THE COURT:  In terms of conditions of release,
 7     what is the government asking for?
 8              MR. EDWARDS:  Your Honor, the government would
 9     request, and I believe Pretrial is on the line, that
10     Mr. Grods surrender his passport, that he stay away from the
11     District of Columbia except for court business, meetings
12     with his attorney, if needed, and business with Pretrial
13     Services; that Mr. Grods not possess any firearms,
14     destructive devices, or other weapons; that he have no
15     contact with anyone associated with the Oath Keepers or
16     defendants in Case No. 21-CR-28, the other case that is
17     related to this matter, and that he report weekly to
18     Pretrial Services.
19              THE COURT:  Okay.
20              And, Mr. Grods, I don't know where you live, sir,
21     but what state do you live in, sir?
22              THE DEFENDANT:  The state of Alabama, sir.
23              THE COURT:  Alabama.
24              In which District?
25              MR. LOCKWOOD:  The Southern District.
```

1           MR. EDWARDS:  Southern District.

2           THE COURT:  Is it the Southern District of

3    Alabama?  Okay.

4           Mr. Lockwood, are there any objections to those

5    conditions of release?

6           MR. LOCKWOOD:  No objections, Your Honor.

7           THE COURT:  All right.

8           So I will release Mr. Grods pending sentencing,

9    subject to the conditions just mentioned by the government.

10          Mr. Grods, what that means is you will be released

11   until your sentencing in this case, that sentencing is going

12   to be set off into a future date; however, you will have to

13   comply with those conditions of release, and if you do

14   violate any of those conditions of release, sir, that could

15   result in those conditions of release -- excuse me, that --

16   your release being revoked.  Do you understand that?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  All right.

19          Is there anything else we need to take up?

20   I've signed the Waiver of Right to Trial, as well as the

21   Waiver of Indictment.

22          Anything else we need to take care of today?

23          MR. EDWARDS:  Nothing further for the government,

24   thank you.

25          MR. LOCKWOOD:  Thank you, Your Honor.

```
 1              PRETRIAL SERVICES OFFICER:  Your Honor --
 2              THE COURT:  Oh.  Yes.
 3              PRETRIAL SERVICES OFFICER:  -- this is Christine
 4    Schuck with Pretrial.
 5              THE COURT:  Hi, Ms. Schuck.
 6              PRETRIAL SERVICES OFFICER:  Hi, Your Honor.
 7              In regards to the conditions of release, we would
 8    just ask that Mr. Grods be supervised by the Southern --
 9    U.S. Pretrial-Probation Office for the Southern District of
10    Alabama and that he report to them as directed versus
11    weekly.  When we send the cases out to their home
12    jurisdiction, we prefer it to have "as directed" to allow
13    that jurisdiction to determine the reporting schedule.
14              THE COURT:  Okay.
15              Yes, certainly no problem with that.  And that's
16    why I asked where he resided.
17              So, yes, supervision by the Southern District of
18    Alabama, just to be clear, not D.C., and the office there
19    will direct you how frequently you need to report and the
20    manner in which you need to report, okay?
21              THE DEFENDANT:  Yes, sir.
22              THE COURT:  All right.
23              Thank you, everyone.
24              MR. EDWARDS:  Thank you, Your Honor.
25              COURTROOM DEPUTY:  All rise.
```

1          THE COURT:  Don't wait for me, everybody.

2    Thank you.

3          COURTROOM DEPUTY:  The Court stands adjourned.

4          (Proceedings concluded at 2:50 p.m.)

C E R T I F I C A T E

        I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.


Date:__July 24, 2021_____     /S/__William P. Zaremba_____

                               William P. Zaremba, RMR, CRR

**COURTROOM DEPUTY: [7]** 3/2 3/5 7/17 7/20 8/12 42/25 43/3

**MR. EDWARDS: [18]** 4/3 4/9 5/19 7/22 10/3 26/16 27/9 27/13 27/15 37/9 38/6 39/21 40/1 40/5 40/8 41/1 41/23 42/24

**MR. LOCKWOOD: [17]** 3/19 4/22 5/7 5/14 5/22 5/24 6/7 6/13 8/11 8/25 10/4 16/9 16/13 38/8 40/25 41/6 41/25

**PRETRIAL SERVICES OFFICER: [3]** 42/1 42/3 42/6

**THE COURT: [165]**

**THE DEFENDANT: [130]**

## $

**$1.5 [1]** 24/23
**$1.5 million [1]** 24/23
**$100 [2]** 15/9 16/4
**$2,000 [2]** 25/2 25/9
**$200 [1]** 16/5
**$200,000 [1]** 19/19
**$250,000 [3]** 3/24 14/23 15/17

## /

**/S [1]** 44/7

## 1

**11 [1]** 8/10
**1111 [1]** 1/18
**12 [2]** 30/20 31/5
**13 [1]** 11/10
**13-page [2]** 11/6 11/6
**14 [1]** 17/24
**1512 [6]** 4/17 8/21 10/24 12/17 27/16 38/17
**17 [1]** 28/10
**18 [5]** 8/17 8/20 10/21 27/15 28/18
**18 U.S.C [7]** 4/17 10/23 12/15 12/17 26/17 38/15 38/17
**1966 [1]** 9/13

## 2

**20 [1]** 15/15
**20,000 [3]** 3/24 3/25 19/19
**200,000 [1]** 3/25
**20001 [2]** 1/15 2/6
**202 [2]** 1/15 2/7
**2021 [2]** 1/5 44/7
**21-437 [3]** 1/4 3/6 8/15
**21-CR-28 [1]** 40/16
**21st [1]** 9/13
**24 [8]** 18/16 18/23 19/7 19/8 19/14 22/10 22/12 44/7

**25,000 [1]** 19/18
**251 [1]** 1/19
**2511 [1]** 1/19
**252-7081 [1]** 1/15
**28 [1]** 40/16
**29 [1]** 18/10
**2:12 [1]** 1/6
**2:50 [1]** 43/4
**2J1.2 [1]** 4/24

## 3

**30 [1]** 1/5
**3249 [1]** 2/7
**333 [1]** 2/6
**354-3249 [1]** 2/7
**36604-2511 [1]** 1/19
**371 [5]** 8/18 10/22 12/15 26/17 38/15

## 4

**434-5754 [1]** 1/19
**437 [3]** 1/4 3/6 8/15
**4K [1]** 20/25
**4th [1]** 1/14

## 5

**51 [3]** 9/15 20/5 20/16
**555 [1]** 1/14
**5754 [1]** 1/19
**5K1.1 [2]** 20/25 21/9 21/24

## 6

**60 [1]** 39/25
**60-day [1]** 40/3
**63 [3]** 19/15 20/5 20/16

## 7

**7081 [1]** 1/15

## A

**abetting [1]** 8/20
**able [1]** 6/12
**about [21]** 10/12 11/18 13/1 13/9 14/14 14/16 14/18 16/16 16/19 17/20 20/9 22/24 23/10 25/5 26/5 29/5 29/10 29/15 36/16 38/22 39/18
**above [4]** 24/5 34/8 34/9 44/4
**above-titled [1]** 44/4
**Absolutely [1]** 5/24
**accept [3]** 6/22 19/7 38/14
**accepting [1]** 18/14
**accomplished [1]** 28/21
**accounting [1]** 14/10
**accurately [2]** 12/19 28/6
**act [1]** 26/24
**acted [2]** 27/19 28/19
**actions [1]** 12/20
**actual [1]** 37/12
**actually [4]** 6/4 20/5 25/5 37/12
**added [1]** 17/24

23/1 36/3
**additional [4]** 18/2 18/4 18/7 18/13
**Additionally [1]** 18/7
**address [1]** 39/14
**adjourned [1]** 43/3
**adjust [1]** 16/10
**adjusted [1]** 16/11
**administration [5]** 5/4 5/9 5/12 18/2 18/3
**advise [2]** 32/14 32/15
**affect [1]** 28/19
**afford [3]** 33/9 33/16 34/15
**after [1]** 33/5
**afternoon [4]** 3/11 3/15 6/18 11/25
**again [2]** 3/11 19/21
**against [4]** 8/6 14/2 32/16 32/23
**agents [1]** 13/17
**agree [1]** 5/5
**agreed [21]** 12/14 12/18 12/21 13/10 13/13 13/16 14/4 14/9 18/7 18/12 18/22 20/11 20/15 20/20 20/24 22/7 22/11 24/22 25/1 28/11 28/18
**agreeing [3]** 30/9 31/4 38/11
**agreement [28]** 1/9 3/22 4/6 5/9 6/25 11/2 11/7 11/10 11/24 12/1 12/3 12/5 12/8 12/10 12/13 13/1 13/3 13/7 13/10 14/15 19/22 20/10 22/8 25/2 25/4 25/20 25/23 26/19
**ahead [2]** 8/2 27/14
**aided [1]** 2/8
**aiding [1]** 8/20
**AL [1]** 1/19
**Alabama [5]** 40/22 40/23 41/3 42/10 42/18
**all [65]**
**All right [28]** 6/17 6/21 7/21 9/11 9/16 9/25 10/17 11/1 11/5 11/13 14/13 15/12 16/21 17/19 18/12 22/18 27/2 27/24 29/1 29/22 35/1 36/2 36/20 36/24 37/6 37/25 41/7 42/22
**allow [1]** 42/12
**almost [1]** 35/1
**alone [3]** 20/1 21/10 22/25
**also [21]** 12/18 12/23 13/16 13/25 14/4 14/9 16/3 19/21 21/17 22/7 31/3 31/8 31/19 32/6 32/13 32/25 33/18 34/13 35/21 39/4 39/8
**am [3]** 3/12 6/1 6/4
**AMERICA [2]** 1/3 3/6
**AMIT [2]** 1/10 3/3

**among [4]** 13/12 17/10 23/4 31/10
**amount [2]** 24/17 25/9
**announce [2]** 8/5 26/10
**another [2]** 13/9 25/13
**answer [1]** 7/9
**answered [2]** 11/18 11/21 26/5
**any [34]** 5/2 5/17 7/4 7/8 9/17 9/21 10/1 11/17 12/21 12/23 12/23 13/5 13/25 14/5 14/6 15/3 15/6 15/7 15/25 16/1 23/5 26/4 27/18 31/21 31/22 33/5 33/24 36/16 36/22 37/7 39/9 40/13 41/4 41/14
**anybody [4]** 4/1 5/17 22/19 36/21
**anyone [1]** 40/15
**anything [7]** 9/18 23/10 36/17 38/5 38/7 41/19 41/22
**apologize [1]** 7/22
**appeal [14]** 33/1 33/10 33/15 33/19 33/21 33/22 33/23 33/25 34/4 34/8 34/9 34/14 34/21 36/5
**Appeals [2]** 33/10 33/15
**appearance [1]** 6/1
**APPEARANCES [2]** 1/12 2/1
**applies [1]** 4/25
**apply [8]** 16/17 17/20 19/25 20/18 20/21 21/6 22/15 31/1
**appoint [2]** 33/10 33/16
**appointed [1]** 34/17
**appointment [1]** 34/14
**approves [1]** 6/4
**approximate [1]** 24/22
**are [37]** 4/25 5/9 6/24 7/10 10/14 11/7 11/25 14/6 16/8 20/16 23/4 26/10 26/14 26/18 27/4 27/17 27/21 28/22 29/4 29/15 29/18 29/24 29/25 30/2 31/3 31/15 31/24 31/24 32/9 32/10 34/7 34/20 35/12 35/16 35/21 36/6 41/4
**argue [2]** 22/8 35/7
**argued [1]** 22/14
**arguments [2]** 33/21 33/21
**arraign [1]** 8/4
**arraigned [1]** 7/24
**arraignment [1]** 8/23
**as [33]** 3/24 4/8 5/12 10/6 10/7 12/3 12/13 14/6 14/6 15/6 15/6 15/10 18/12 18/13 19/3 19/18 19/18 19/23

9/25 22/7 24/6 24/21 25/1 30/4 34/9 34/9 36/8 38/18 39/23 41/20 41/20 42/10 42/12 42/13

**ask [24]** 4/7 6/23 7/5 7/15 7/23 11/3 20/11 20/15 20/17 22/11 23/20 23/24 25/16 25/17 25/18 26/10 26/12 26/13 28/9 37/7 37/22 38/22 39/24 42/8
**asked [4]** 7/5 13/20 21/13 42/16
**asking [5]** 7/13 21/5 40/7
**aspect [1]** 13/9
**aspects [1]** 20/10
**assessment [2]** 15/10 16/4
**assets [2]** 14/6 14/11
**assist [1]** 31/23
**assistance [3]** 31/21 34/22 35/23
**associated [6]** 5/1 9/5 14/17 25/14 25/20 40/15
**attack [6]** 35/5 35/6 35/13 35/19 35/22 36/5
**attention [1]** 23/7
**attorney [1]** 40/12
**ATTORNEY'S [3]** 1/13 13/2 13/4
**Avenue [1]** 2/6
**aware [1]** 13/2
**away [1]** 40/10

## B

**background [1]** 38/23
**Barrett [1]** 2/5
**Base [2]** 17/23 18/20
**based [6]** 10/6 16/23 18/21 19/12 19/22 20/25
**basis [11]** 17/17 19/8 20/6 21/25 22/2 24/10 25/10 28/2 28/6 29/11 38/13
**be [44]** 3/4 7/24 9/8 13/22 14/2 16/3 17/4 17/17 17/24 18/8 18/11 19/4 19/7 19/8 19/24 20/6 21/24 22/2 22/20 24/19 25/5 25/9 25/10 27/3 29/11 30/1 30/10 30/14 30/25 31/10 32/16 32/22 33/24 34/13 36/7 38/18 38/19 41/10 41/12 42/8 42/18 42/18
**bear [3]** 30/17
**because [10]** 6/1 12/2 17/24 18/4 18/11 18/13 19/21 22/23 29/25 36/6
**been [6]** 8/5 8/16 9/6 11/18 11/20 26/5
**before [17]** 1/10 3/21 5/17 7/9 7/13 7/24 11/6 12/25 13/2 13/14 26/9

**B**

before... [6] 28/14 33/4 33/4 38/2 38/20 39/5
behalf [1] 3/9
being [1] 41/16
believe [6] 3/24 16/9 21/12 31/22 35/22 40/9
believed [1] 28/12
believes [1] 21/4
below [3] 23/20 23/24 24/4
beyond [2] 30/18 31/6
birth [1] 9/12
born [1] 10/9
both [5] 11/16 11/16 26/3 27/12 33/4
bottom [1] 18/20
bound [1] 12/4
Brian [3] 1/17 1/18 3/8
brian.lockwood [1] 1/20
bring [4] 12/21 12/23 23/6 23/9
building [3] 24/20 24/23 28/12
burden [4] 30/18 30/19 31/4 31/5
business [2] 40/11 40/12

**C**

calculation [2] 17/23 33/24
call [1] 31/21
called [8] 17/10 20/25 25/14 29/24 35/4 37/18 37/18 38/19
can [16] 6/10 6/12 7/13 9/22 11/3 13/22 14/2 21/5 22/23 23/6 23/9 24/4 27/7 27/9 37/14 37/22
can't [1] 21/14
capable [1] 10/8
Capitol [2] 24/20 24/22
care [2] 6/10 41/22
case [27] 3/6 6/2 6/2 8/15 11/7 13/11 16/17 17/21 17/23 19/4 19/15 19/24 20/11 22/9 22/20 22/25 23/20 24/18 24/19 26/20 32/14 33/19 37/13 38/20 40/16 40/16 41/11
cases [1] 42/11
Category [3] 17/5 17/16 19/13
Category I [1] 17/5
cause [4] 5/3 5/6 17/25 30/5
caused [2] 5/5 5/10
causing [2] 5/2 17/25
certain [2] 24/17 36/8
certainly [1] 42/15
certification [2] 4/19 28/15
Certified [1] 2/4
certify [1] 44/2

central [1] 43/24
CH [1] 2/5
change [2] 4/6 4/8
charge [3] 27/10 30/5 36/25
charged [7] 8/16 27/4 29/23 30/2 30/10 31/25 32/10
charges [7] 8/5 10/20 10/22 12/21 12/23 29/19 30/1
charging [1] 10/20
checked [1] 5/17
Christine [3] 2/2 3/9 42/3
Circuit [2] 33/3 33/3
circumstances [2] 16/25 23/11
citizens [1] 30/3
civil [1] 36/7
clear [1] 42/18
client [1] 5/1
co [1] 28/13
co-conspirators [1] 28/13
Code [3] 8/18 8/21 10/22
Code 371 [1] 10/22
coerced [1] 36/21
coercing [1] 28/21
collateral [6] 35/4 35/6 35/13 35/19 35/22 36/5
college [3] 4/20 9/15 28/16
colloquy [1] 8/10
COLUMBIA [4] 1/1 1/14 12/25 40/11
come [2] 6/15 17/22
commit [2] 26/20 26/23
committed [3] 12/24 13/5 26/24
Communications [1] 18/9
competence [1] 10/1
competent [1] 10/8
complete [2] 14/10 17/11
comply [1] 41/13
component [1] 5/9
computer [1] 2/8
computer-aided [1] 2/8
conceding [1] 4/18
concept [2] 24/14 24/16
concluded [1] 43/4
conditions [7] 40/6 41/5 41/9 41/13 41/14 41/15 42/7
conduct [5] 12/22 18/16 18/21 28/2 28/6
confirm [7] 4/14 11/5 16/18 25/19 28/10 37/17 37/22
Congress [1] 28/15
Congress's [1] 28/15
congressional [2] 28/20 28/23

connection [3] 13/3 34/22 34/23 35/24 36/17
consider [4] 23/2 23/3 23/15 39/10
conspiracy [9] 8/17 10/21 12/15 14/19 26/18 26/23 26/25 37/1 38/15
conspirators [1] 28/13
constitutes [1] 4/20
Constitution [2] 2/6 30/1
consult [1] 7/9
contact [1] 40/15
CONTINUED [1] 2/1
contraband [1] 14/5
convict [2] 30/21 31/6
convicted [2] 24/17 33/2
conviction [1] 35/5
convictions [2] 17/4 17/15
convince [1] 31/5
cooperate [1] 13/10
cooperated [1] 21/5
cooperation [2] 21/1 21/13
coordinator [1] 6/2
copy [3] 6/9 6/12 8/13
correct [7] 3/18 4/3 6/19 10/24 28/3 28/16 44/3
correction [1] 3/22
correctly [1] 3/13
corruptly [1] 27/19
could [20] 4/14 9/8 22/15 28/9 31/21 32/8 32/16 32/22 33/9 33/16 33/20 33/21 33/22 33/23 33/24 33/25 34/15 35/6 35/18 41/14
counsel [20] 3/11 4/7 4/8 4/13 5/18 6/18 7/9 8/13 9/3 9/25 10/7 13/21 13/22 26/13 31/10 34/14 34/17 34/22 35/24 38/7
count [12] 8/17 8/19 10/22 12/14 12/15 14/19 15/13 16/10 36/25 37/3 38/14 38/15
Count 1 [2] 8/17 36/25
Count 2 [5] 8/19 10/22 15/13 16/10 37/3
counts [2] 8/16 10/21
couple [4] 4/25 34/5 35/14 37/17
court [14] 1/1 2/3 2/5 8/6 9/19 9/23 15/10 33/3 33/10 33/15 37/11 37/13 40/11 43/3
Court's [1] 6/3
Courtroom [4] 6/10 7/16 11/3 25/16
CR [2] 1/4 40/16
crime [1] 13/5

comes [3] 14/5 14/6 14/7
criminal [18] 3/5 8/15 10/19 12/24 16/24 17/2 17/3 17/4 17/12 17/15 17/16 18/23 19/2 19/12 19/13 22/15 22/16 26/18
CRR [2] 44/2 44/8
curious [1] 37/11

**D**

D.C [5] 1/5 1/15 2/6 12/25 42/18
D.C. [2] 33/3 33/3
D.C. Circuit [2] 33/3 33/3
damage [5] 5/4 5/6 18/1 24/19 44/22
date [4] 9/12 39/20 41/12 44/7
Dauphin [1] 1/18
day [1] 40/3
days [2] 9/18 39/25
decide [5] 21/19 25/8 29/10 30/21 33/5
decides [1] 21/24
decision [10] 19/25 20/1 21/9 22/24 25/5 25/6 29/5 29/6 32/16 32/22
decisions [1] 33/24
deeds [1] 23/6
defendant [10] 1/7 1/17 3/10 4/18 7/19 8/13 26/18 26/22 27/17 27/18
defendants [1] 40/16
defense [8] 3/8 4/16 5/22 10/4 31/20 32/4 38/7 38/8
delaying [1] 18/20
deleting [1] 18/9
demonstrating [1] 31/23
denied [1] 22/3
departure [2] 20/12 20/13 20/13
deprived [1] 36/7
Deputy [4] 6/10 7/16 11/3 25/16
describe [1] 28/6
described [1] 12/22
describes [2] 12/20 28/2
designed [1] 6/24
destructive [1] 40/14
determine [3] 20/4 30/5 42/13
determining [1] 23/16
devices [1] 40/14
did [4] 4/12 9/14 22/4 28/20
didn't [2] 16/10 37/7
different [2] 22/9 22/15
difficult [2] 9/19 9/22
direct [1] 42/19
directed [2] 42/10

disagree [2] 21/14 33/22
disclose [1] 14/6
discover [1] 35/17
discovered [1] 35/17
DISTRICT [12] 1/1 1/1 1/10 1/14 12/25 40/11 40/24 40/25 41/1 41/2 42/9 42/17
District's [1] 6/1
do [80]
do you [29] 8/22 13/12 14/20 17/12 18/16 21/1 21/8 21/17 23/12 24/21 24/23 29/17 30/6 30/11 30/15 30/21 32/17 33/6 33/11 33/25 33/4 34/4 34/10 35/14 36/10 36/13 36/25 37/4 39/2 41/16
do you have [3] 11/2 36/16 37/15
Do you see [1] 37/19
do you understand [9] 9/7 13/6 15/14 21/23 23/23 25/4 27/2 30/25 33/14
document [12] 11/6 11/7 11/15 11/18 12/18 25/13 25/18 26/2 26/5 26/9 28/2 28/5
documents [2] 37/18 38/2
does [3] 5/16 9/25 28/5
doesn't [2] 12/4 23/25
doing [1] 19/4
don't [11] 4/1 4/5 6/8 6/15 7/4 11/4 12/2 39/17 39/23 40/20 43/1
done [3] 23/6 24/20 39/23
double [1] 3/25
double-checked [1] 3/25
doubt [2] 30/19 31/6
Douyon [1] 37/15
downward [1] 20/13
drugs [1] 9/17
during [1] 33/4

**E**

each [2] 26/11 26/14
earlier [2] 16/10 38/19
Edwards [6] 1/13 3/7 27/1 27/8 27/20 39/19
effective [2] 34/22 35/23
eight [1] 17/24
either [5] 9/25 18/5 20/12 34/22 35/24
Electoral [2] 4/20 28/16
element [1] 26/22
elements [6] 26/10 26/14 26/18 27/3 27/3 27/10 27/17 27/21 27/22
else [5] 9/18 36/17

**E**

else... [3] 38/5 41/19 41/22
Email [2] 1/16 1/20
employment [1] 23/5
end [1] 35/2
enough [1] 10/11
enter [8] 3/18 6/18 8/7 8/8 8/9 9/1 10/2 10/12
entered [2] 26/19 28/11
entering [14] 7/1 10/8 29/16 30/8 30/24 31/15 32/2 32/19 33/13 34/3 34/15 35/12 36/6 38/12
entitled [2] 33/6 34/13
essentially [2] 16/23 35/6
estimate [3] 17/8 18/24 19/23
estimated [5] 17/3 18/20 19/14 20/13 22/9
et [1] 38/23
et cetera [1] 38/23
evaluation [1] 17/11
even [2] 6/11 24/5
every [3] 11/23 11/24 12/4
everybody [1] 43/1
everyone [3] 3/4 4/11 42/23
evidence [6] 14/5 30/4 31/12 31/22 35/17 35/18
example [3] 20/16 21/12 21/23
except [2] 34/17 40/11
exception [2] 20/14 20/23
exceptions [5] 34/5 34/7 34/18 35/14 35/16
exchange [1] 12/20
excuse [4] 19/19 20/12 20/25 41/15
executed [1] 13/1
execution [1] 13/3
expenditure [1] 5/10
explain [1] 32/8
extensive [1] 18/5

**F**

fact [3] 23/23 23/25 28/20
factors [3] 16/23 23/4 23/16
facts [2] 16/25 23/11
factual [1] 38/13
fairly [2] 12/19 28/5
false [1] 9/9
falsely [1] 9/9
family [2] 23/5 38/23
far [1] 9/14
federal [1] 12/25
feel [1] 7/5
felonies [1] 36/7
felony [1] 29/25
few [2] 4/15 20/9
file [14] 5/25 6/9 6/12

21/24 22/4 35/4 35/6 35/13 35/18 35/22
filed [1] 8/5
files [1] 21/18
filing [2] 6/2 6/11
final [5] 23/16 24/6 24/9 35/3 39/5
finally [5] 5/8 14/9 16/3 21/22 39/13
financial [1] 14/10
find [4] 10/7 38/12 38/12 38/14
fine [8] 3/24 8/10 14/23 15/7 15/17 16/1 16/10 19/18
firearm [1] 36/10
firearms [1] 40/3
first [8] 4/16 5/2 8/4 12/7 14/16 14/19 16/18 26/17
five [1] 14/20
follow [2] 9/19 9/22
following [7] 8/16 17/22 33/1 33/2 33/15 33/25 34/14
force [1] 21/14
forced [1] 36/21
forcibly [1] 28/11
foregoing [1] 44/3
foremost [1] 16/18
forgotten [1] 8/1
formal [1] 8/22
forms [3] 37/15 37/16 37/19
free [2] 7/5 7/10
frequently [1] 42/19
front [4] 11/3 11/4 25/15 37/19
full [1] 14/10
fully [1] 10/7
fundamentally [1] 35/7
further [1] 41/23
furtherance [1] 26/25
future [1] 41/12

**G**

general [1] 12/8
gentlemen [4] 31/23 32/9 32/15 39/17
get [3] 29/2 32/8 36/22
getting [1] 35/2
give [1] 6/10
giving [16] 7/1 29/15 30/10 31/16 32/3 32/20 32/21 33/14 34/4 34/16 35/3 35/4 35/13 36/4 36/13 36/17
go [13] 8/2 8/6 9/14 11/23 11/25 12/2 12/7 17/1 27/9 27/14 29/19 30/13 37/11
go ahead [1] 8/2
goes [1] 35/18
going [11] 7/15 10/18 11/23 11/25 12/7 12/9 14/16 16/17 17/1 26/9 41/11

govern [1] 14/15
government [32] 1/13 3/7 4/8 5/11 5/19 10/3 12/20 13/17 13/17 18/11 18/22 20/15 20/17 20/24 21/4 21/18 21/23 22/3 22/10 23/9 26/10 26/12 28/19 28/22 30/17 30/20 31/4 38/6 40/7 40/8 41/9 41/23
government's [3] 30/4 31/12 31/13
Grand [4] 13/14 30/2 30/11 36/4
Grand Jury [4] 13/14 30/2 30/11 36/4
grant [1] 21/20
greater [4] 19/7 19/8 22/16 25/9
GRODS [88]
Grods' [2] 10/1 38/14
group [1] 30/3
guess [1] 37/16
Guidelines [26] 4/1 4/24 14/18 16/11 16/16 16/19 16/22 19/14 19/24 19/25 20/5 20/14 20/15 20/16 20/18 20/21 21/6 23/1 23/15 23/21 23/25 24/4 24/5 24/5 33/23 34/9
Guidelines Range [8] 19/14 19/24 19/25 20/18 23/21 23/25 24/4 24/5
guilt [2] 30/18 30/20
guilty [21] 6/18 6/23 8/9 9/1 10/9 12/14 27/4 28/3 28/7 28/10 29/18 31/24 32/9 36/13 36/14 36/18 36/22 37/2 37/5 38/11 38/14

**H**

had [8] 8/1 10/11 11/14 11/15 26/1 26/2 33/5 38/1
hand [2] 7/15 7/18
hands [1] 21/14
happen [1] 17/8
happy [1] 24/9
hard [2] 6/8 6/12
has [13] 4/1 8/13 10/15 12/20 13/4 18/12 20/15 20/17 20/24 22/19 24/17 35/23 36/21
have [65]
having [5] 6/11 30/19 31/5 33/15 37/11
he [11] 7/24 10/7 31/10 31/11 31/12 37/12 40/10 40/14 40/17 42/10 42/16
he's [2] 38/11 38/12
hearing [3] 1/9 3/10

here [4] 4/25 6/16 34/23 35/3
Hi [2] 42/5 42/6
higher [4] 17/16 20/5 20/18 33/3
him [2] 37/11 38/14
his [6] 4/7 5/18 38/10 38/12 40/10 40/12
history [16] 16/24 17/2 17/4 17/12 17/16 18/23 19/2 19/12 19/13 22/15 22/16 23/4 23/5 23/5 23/5 38/23
hold [2] 29/10 36/8
holiday [1] 6/2
home [1] 42/11
Honor [135]
HONORABLE [2] 1/10 3/2
host [2] 23/3 38/22
housekeeping [1] 5/24
how [7] 8/23 9/14 16/16 36/25 37/4 40/2 42/19
however [13] 13/3 13/22 22/14 29/25 30/8 31/15 32/2 32/19 33/13 34/3 34/20 35/12 41/12

**I**

I am [2] 6/1 6/4
I apologize [1] 7/22
I believe [2] 3/24 16/9
I can [3] 7/13 24/4 37/14
I can't [1] 21/14
I didn't [1] 37/7
I guess [1] 37/16
I have [2] 7/5 7/14 37/16
I just [1] 7/23
I know [1] 37/10
I should [3] 4/19 19/13 37/8
I think [3] 3/21 3/25 39/23
I thought [1] 27/11
I understand [3] 3/17 6/17 10/18
I will [2] 23/25 41/8
I'll [7] 4/7 6/3 6/4 25/15 25/17 26/12 26/13
I'm [15] 4/2 7/15 11/23 11/25 12/1 12/7 12/9 14/16 16/13 23/14 23/14 26/9 27/11 38/10
I'm going [4] 7/15 11/25 14/16 26/9
I'm sorry [1] 16/13
I've [1] 41/20
I've signed [1] 41/20
impaired [1] 35/9
impede [1] 28/14
impeded [1] 27/18
impose [2] 23/25 24/9
incarceration [1] 19/15
including [1] 23/11

increase [1] 18/8
increased [1] 4/25
indicates [1] 3/23
indicted [1] 30/10
indictment [4] 37/10 37/12 37/19 41/21
influence [1] 28/13
influenced [1] 27/17
information [7] 7/24 8/14 8/23 10/19 29/25 30/9 39/10
informed [1] 10/8
initial [2] 4/7 4/8
injury [1] 5/3 17/25
innocence [2] 30/25 35/18
innocent [1] 30/15
inquiries [1] 10/6
instead [1] 10/18
instruct [2] 32/15 32/22
intend [2] 6/9 27/4
intent [1] 26/23
interest [2] 15/6 15/25
interested [2] 37/11 37/13
interference [2] 5/12 18/3
interlineate [1] 4/6
interrupting [1] 7/22
interview [2] 38/21 39/1
interviews [3] 13/21 13/22 14/1
intimidating [1] 28/21
involve [2] 30/19 38/21
involved [3] 5/2 17/25 18/5
is [111]
Is that [1] 24/11
is that correct [4] 3/18 6/19 10/24 28/3
is there [2] 9/21 41/19
issues [3] 4/15 4/16 5/17
it [30] 4/2 4/7 6/4 6/9 6/10 6/12 9/18 9/22 10/20 11/4 11/15 12/21 12/22 17/14 18/13 19/6 19/7 20/4 21/18 22/2 22/4 25/25 26/2 30/4 37/13 38/2 39/19 40/3 41/2 42/12
it's [8] 3/22 3/25 6/11 8/8 21/14 21/19 25/14 39/5
itself [2] 26/9 33/23

**J**

jobs [1] 36/8
Joint [1] 39/24
Joseph [1] 1/17
Jr [1] 1/13
JUDGE [2] 1/10 6/13
July [1] 44/7
June [1] 1/5
jurisdiction [2] 42/12 42/13

**J**

**jurors [3]**  30/20 30/20 31/5
**jury [8]**  13/14 30/2 30/11 32/9 32/16 32/22 36/4 36/9
**just [32]**  3/21 3/22 4/1 4/5 4/7 4/14 6/10 7/23 8/2 8/7 10/20 11/5 12/2 17/7 18/23 18/24 19/22 19/22 21/18 24/23 25/17 26/10 28/9 29/3 37/13 37/17 37/22 39/24 40/2 41/9 42/8 42/18
**justice [5]**  5/4 5/9 5/13 18/2 18/4

**K**

**Keepers [1]**  40/15
**know [6]**  4/1 6/8 25/19 37/10 40/2 40/20
**knowingly [1]**  26/22

**L**

**ladies [3]**  31/23 32/9 32/15
**last [4]**  3/12 9/18 11/10 29/1
**law [3]**  1/17 12/25 23/3
**lawyer [11]**  10/12 16/19 18/21 31/9 31/16 33/9 33/16 33/20 35/23 39/1 39/9
**lawyer's [1]**  31/21
**learn [1]**  23/10
**least [2]**  26/19 26/24
**legal [2]**  4/15 4/16
**let [2]**  25/18 40/2
**let's [14]**  8/2 9/4 13/9 14/14 16/15 16/16 17/20 20/9 24/14 29/1 29/15 29/17 29/23 39/17
**level [13]**  17/20 17/23 18/8 18/10 18/13 18/15 18/20 19/3 19/7 19/14 22/9 22/10 22/11
**levels [5]**  4/25 17/24 18/2 18/4 18/11
**like [4]**  18/23 23/10 27/9 39/10
**Likewise [2]**  20/20 23/9
**line [3]**  11/24 18/20 40/9
**listen [3]**  7/16 26/12 30/3
**live [2]**  40/20 40/21
**LLC [1]**  1/18
**Lockwood [10]**  1/17 1/18 3/8 4/14 5/23 6/6 8/7 10/15 31/10 41/4
**look [1]**  25/17
**lot [1]**  18/19
**lower [2]**  20/20 22/11

**M**

**made [4]**  12/3 12/5 13/2 33/5
**main [1]**  11/25
**make [11]**  4/6 9/18 9/22 14/1 19/2 24/18 29/3 31/11 31/11 33/20 33/25
**making [1]**  9/9
**management [1]**  6/2
**manner [1]**  42/20
**mark [3]**  1/6 3/6 40/3
**matter [6]**  4/12 5/22 6/11 7/23 40/17 44/4
**maximum [9]**  14/17 14/20 14/23 15/15 15/17 16/10 16/12 24/6 34/8
**may [5]**  8/12 12/24 13/5 26/4 36/7
**me [22]**  5/25 6/4 6/22 6/24 7/5 19/3 19/19 20/12 20/25 21/5 21/19 23/10 25/6 25/18 32/21 33/4 39/6 39/10 39/14 40/2 41/15 43/1
**mean [2]**  12/4 23/25
**means [11]**  9/7 13/12 20/14 21/3 24/3 30/2 31/20 32/7 33/1 33/20 41/10
**measure [1]**  5/25
**mechanical [1]**  2/8
**medications [1]**  9/17
**meetings [1]**  40/11
**MEHTA [2]**  1/10 3/3
**mentioned [2]**  38/18 41/9
**Merit [1]**  2/4
**might [2]**  9/18 9/22
**million [1]**  24/23
**mine [2]**  20/1 20/1 22/25 22/25
**minor [2]**  3/23 18/12
**mistakes [1]**  33/5
**Mobile [1]**  1/19
**months [4]**  19/15 19/15 20/6 20/17
**more [2]**  15/1 15/19
**motion [11]**  20/25 21/5 21/9 21/15 21/18 21/19 21/20 21/24 22/3 35/6 35/22
**motions [1]**  31/11
**move [1]**  24/14
**Mr [1]**  3/12
**Mr. [100]**
**Mr. Douyon [1]**  37/15
**Mr. Edwards [4]**  27/1 27/8 27/20 39/19
**Mr. Grods [85]**
**Mr. Grods' [2]**  10/1 38/14
**Mr. Lockwood [7]**  4/14 5/23 6/6 8/7 10/15 31/10 41/4
**Mr. Young's [1]**  4/13
**Ms. [1]**  42/5

**N**

**my [6]**  10/6 21/14 22/19 23/7 25/6 29/6
**myself [1]**  7/6

**name [1]**  3/12
**necessary [1]**  37/14
**need [7]**  6/23 8/4 23/2 41/19 41/22 42/19 42/20
**needed [2]**  7/24 40/12
**needs [1]**  3/22
**new [2]**  33/6 35/17
**newly [1]**  35/17
**next [2]**  6/3 39/18
**no [16]**  1/4 3/6 4/15 8/15 9/20 9/24 11/20 17/3 22/21 30/25 36/19 36/23 40/14 40/16 41/6 42/15
**nobody [1]**  22/23
**non [1]**  12/23
**non-violent [1]**  12/23
**None [2]**  10/3 10/4
**not [45]**
**Nothing [4]**  5/19 36/19 38/6 41/23
**notice [1]**  5/25
**November [1]**  9/13
**now [32]**  6/22 7/13 9/6 11/2 11/5 11/14 11/23 12/2 12/13 14/14 16/8 16/15 16/22 17/1 17/7 17/22 18/19 18/23 19/21 20/9 21/8 22/19 23/1 25/4 25/13 25/23 27/7 27/25 29/1 36/3 36/12 38/18
**number [1]**  33/24
**NW [1]**  1/14 2/6

**O**

**oath [4]**  7/14 7/19 9/6 40/15
**objection [1]**  4/15
**objections [5]**  31/11 33/21 33/22 41/4 41/6
**obligated [1]**  16/3
**obligation [3]**  15/3 15/22 15/25
**obstruct [1]**  5/4 18/1 28/13
**obstructed [1]**  27/17
**obstruction [10]**  4/17 8/19 10/22 12/16 15/13 18/8 26/20 27/16 37/3 38/16
**occupational [1]**  38/23
**off [4]**  29/17 39/19 39/20 41/12
**offense [35]**  5/1 5/2 5/5 5/10 12/19 12/22 12/24 17/20 17/23 17/23 17/24 18/4 18/10 18/12 18/15 18/20 19/3 19/7 19/14 22/9 22/10 22/11 23/11 24/7 25/15

**P**

**most [1]**  13/22
**my [6]**  10/6 21/14 22/19 23/7 25/6 29/6
**26/17 26/20 26/24 27/15 27/22 28/1 28/2
**offenses [6]**  14/17 16/24 16/25 27/3 31/24 32/10
**office [10]**  1/13 1/17 13/2 13/4 17/9 19/1 38/21 38/22 42/9 42/18
**Officer [1]**  2/2
**official [1]**  2/5 4/18 4/19 4/20 8/19 10/23 12/16 15/14 26/21 27/16 27/18 28/14 37/4 38/16
**Oh [2]**  27/11 42/2
**okay [25]**  3/11 3/20 4/4 4/11 4/23 5/15 6/14 7/2 8/10 9/3 11/9 11/22 12/1 12/11 16/14 25/12 27/13 28/25 38/4 39/16 39/22 40/19 41/3 42/14 42/20
**one [18]**  3/21 3/23 4/12 5/22 12/14 12/15 16/24 20/14 26/19 26/24 29/1 33/11 33/16 34/15 37/18 37/18 38/14 38/15
**only [3]**  20/23 23/2 37/9
**open [1]**  8/6
**opportunity [7]**  11/14 26/1 31/12 38/1 38/25 39/9 39/14
**order [4]**  5/4 6/22 15/3 18/1
**ordered [1]**  5/25
**orders [1]**  15/22
**other [14]**  4/12 5/17 9/21 12/21 12/23 13/12 20/10 23/4 23/15 26/19 28/12 31/10 40/14 40/16
**others [2]**  28/12 39/24
**our [1]**  6/10
**out [6]**  5/16 17/14 19/6 20/4 21/14 42/11
**outcome [2]**  8/9 9/1
**over [10]**  11/23 11/25 12/2 12/7 14/4 17/1 27/9 27/12 37/10 37/11
**overt [1]**  26/24
**owe [1]**  15/9

**p.m [2]**  1/6 43/4
**page [8]**  3/23 3/23 11/6 11/6 11/10 11/10 25/18 25/23
**pages [1]**  37/23
**paid [2]**  15/7 16/1
**paragraph [3]**  11/24 28/10 28/18
**part [6]**  12/3 12/13 22/7 24/21 25/1 30/19
**participated [1]**  26/23
**participating [1]**  28/22

**P**

**particular [2]**  12/2 28/9
**parties [4]**  17/3 17/22 19/22 20/11
**pass [3]**  11/3 25/16 37/17
**passport [1]**  40/10
**Pause [1]**  4/10
**pay [7]**  15/3 15/6 15/22 15/25 16/4 24/17 25/2
**penalties [4]**  14/17 15/7 16/11 34/9
**penalty [3]**  14/20 15/15 24/6
**pending [5]**  8/9 9/1 29/4 29/6 41/8
**perjury [1]**  9/8
**permission [1]**  6/3
**person [3]**  5/3 18/1 26/19
**personnel [1]**  28/22
**physical [2]**  5/3 17/25
**place [1]**  7/14
**placed [2]**  7/19 9/6
**Plaintiff [1]**  1/4
**planning [1]**  18/5
**played [1]**  18/12
**plea [58]**
**plea agreement [15]**  3/22 4/6 6/25 11/2 11/7 12/8 12/10 12/13 13/7 13/10 14/15 22/8 25/2 25/14 25/20
**plead [11]**  8/24 10/19 12/14 27/4 29/18 30/9 36/14 36/22 36/25 37/4 38/11
**pleading [5]**  5/1 16/25 29/24 29/25 36/13
**please [2]**  3/4 7/15
**plus [1]**  23/15
**podium [1]**  6/16
**point [6]**  7/4 7/8 8/10 17/8 18/24 19/23
**points [1]**  11/25
**portions [1]**  27/25
**possess [2]**  36/9 40/13
**prefer [1]**  42/12
**preliminaries [1]**  5/16
**preliminary [1]**  4/12
**preparation [1]**  18/6
**prepared [1]**  3/18 38/20
**present [7]**  3/10 13/22 31/9 31/20 31/22 32/3 39/9
**presented [1]**  30/4
**presentence [5]**  17/10 17/11 38/19 39/5 39/20
**preserving [1]**  34/20
**presiding [1]**  3/3
**presumed [1]**  30/14
**presumption [1]**  30/25
**Pretrial [7]**  2/2 3/9 40/9 40/12 40/18 42/4 42/9
**Pretrial-Probation Office [1]**  42/9
**pretty [1]**  4/2
**Prettyman [1]**  2/5

**P**

prior [3] 17/3 17/8 17/15
prison [2] 14/21 15/15
probable [1] 30/5
Probation [4] 17/9 19/1 38/21 42/9
Probation Office [3] 17/9 19/1 38/21
problem [2] 6/6 42/15
procedural [1] 7/23
proceed [2] 3/21 40/3
proceeding [16] 4/18 4/19 4/20 8/19 10/23 12/16 15/14 26/21 27/16 27/18 28/14 28/14 28/20 28/23 37/4 38/16
proceedings [8] 1/9 2/8 9/19 9/23 33/4 35/8 43/4 44/4
proceeds [1] 14/5
process [1] 8/6
produced [1] 2/8
promise [2] 12/3 12/5
promised [1] 22/19
pronouncing [1] 3/12
property [4] 5/3 5/6 18/1 24/20
prosecute [1] 13/4
prosecuted [1] 9/8
prosecutors [2] 13/12 13/18
provide [4] 13/13 14/10 16/22 18/15
provided [3] 10/15 21/13 35/23
provides [1] 18/10
proving [2] 30/18 30/20
provisions [1] 12/9
purely [1] 5/24
purposes [4] 4/21 8/23 33/10 34/14
put [2] 39/19 39/20

**Q**

qualifies [1] 5/11
question [5] 7/5 7/9 10/1 31/13 37/9
questions [10] 6/23 6/24 7/14 9/5 11/17 11/20 26/4 36/16 37/7 38/22
quick [1] 4/5

**R**

raise [4] 5/17 7/15 7/17 34/21
range [17] 3/24 16/11 19/14 19/18 19/24 19/25 20/5 20/15 20/18 20/21 21/6 23/21 23/25 24/4 24/5 24/5 34/10
read [5] 11/15 11/15 26/2 26/2 38/1
reading [2] 8/22 8/25
Realtime [1] 2/4

reason [7] 4/3 11/6 17/14 22/16 24/9 25/8 29/9
reasonable [2] 30/18 31/6
received [2] 8/13 34/21
recommendation [1] 19/3
record [2] 8/12 44/3
recorded [1] 2/8
reduce [1] 21/6
reduced [1] 18/11
reduction [1] 18/13
reflect [1] 8/12
regarding [1] 4/16
regards [1] 42/7
Registered [1] 2/4
related [1] 40/17
release [11] 14/25 15/19 29/5 40/6 41/5 41/8 41/13 41/14 41/15 41/16 42/7
released [2] 29/4 41/10
relieve [1] 31/4
relieving [1] 31/3
remain [1] 32/21
remaining [1] 27/25
reminder [1] 8/2
repeat [1] 7/6
report [10] 17/10 17/11 38/19 39/5 39/20 39/25 40/17 42/10 42/19 42/20
Reporter [4] 2/3 2/4 2/4 2/5
reporting [1] 42/13
represent [1] 31/16
representations [1] 10/7
request [2] 13/22 40/9
require [1] 23/14
required [2] 12/1 23/3 29/18
reserve [1] 20/24
reserved [3] 13/4 23/19 23/24
reserving [2] 34/7 35/21
resided [1] 42/16
resources [1] 5/11
respect [12] 4/17 4/24 5/8 14/19 15/13 17/2 20/10 27/21 27/25 28/1 29/4 34/17
responsibility [1] 18/14
restitution [7] 15/4 15/23 24/15 24/16 25/2 25/5 25/9
result [1] 41/15
return [1] 9/4
review [2] 33/4 39/4
revoked [1] 41/16
right [92]
rights [14] 7/1 12/10 29/2 29/15 35/8 36/3 36/4 36/5 36/5 36/5 36/7 36/12 36/17 38/11

RMR [2] 44/2 44/8
role [1] 18/12
rule [2] 8/10 12/1
Rule 11 [1] 8/10

**S**

said [1] 20/17
same [1] 4/13
satisfaction [2] 11/19 26/6
satisfied [2] 10/14 38/10
satisfy [1] 6/24
say [3] 4/19 19/13 20/16
schedule [1] 42/13
school [1] 9/14
Schuck [4] 2/2 3/9 42/4 42/5
scope [1] 18/5
score [4] 19/2 19/12 22/15 22/16
seat [2] 27/7 39/17
seated [1] 3/4
second [5] 16/4 26/22 27/10 27/15 27/22
seconds [1] 4/7
Section [4] 8/18 8/21 26/17 27/16
Sections [1] 8/21
see [1] 37/19
send [1] 42/11
sentence [16] 22/20 22/24 23/16 23/20 23/24 24/1 24/4 24/6 24/9 33/19 33/23 34/4 34/8 34/9 34/15 35/5
sentencing [24] 12/9 14/14 14/18 16/15 16/19 16/22 17/9 20/1 20/10 21/6 23/3 29/5 29/6 33/20 33/25 34/23 35/25 38/20 39/11 39/14 39/20 41/8 41/11 41/11
separate [1] 12/18
series [1] 6/23
serve [1] 36/9
services [2] 2/2 3/9 10/15 40/13 40/18
set [1] 41/12
she [1] 6/4
should [5] 4/19 19/4 19/13 25/9 37/8
sic [1] 13/17
side [1] 10/1
Signal [1] 18/9
signature [1] 11/11 25/24 37/23
signed [3] 37/12 38/2 41/20
silent [1] 32/21
single [3] 11/24 11/24 12/4
sir [52]
sit [4] 13/16 13/20 19/20 30/3

six-page [1] 25/18
small [1] 3/22
so [17] 7/14 8/1 8/2 9/6 14/19 16/15 21/18 21/22 22/9 22/10 23/14 26/12 28/20 38/10 39/23 41/8 42/17
some [9] 9/15 17/14 22/15 25/8 35/9
somebody [1] 24/16
something [2] 35/7 37/14
sorry [3] 16/13 27/11 27/14
Sounds [1] 40/5
south [1] 24/23
Southern [6] 40/25 41/1 41/2 42/8 42/9 42/17
special [2] 15/10 16/4
specific [1] 26/20
specifically [2] 18/9 28/15
stand [1] 32/8
stands [1] 43/3
start [3] 7/13 29/17 29/23
state [2] 40/21 40/22
Statement [6] 12/19 12/22 25/14 25/19 28/1 28/1
statements [2] 9/9 14/1
STATES [12] 1/1 1/3 1/10 3/6 8/18 8/21 10/9 10/21 13/11 21/10 21/10 24/19
Status [1] 39/25
statute [1] 4/21
statutory [2] 23/4 23/16 24/6 34/8
stay [1] 40/10
stenography [1] 2/8
steps [1] 39/18
still [2] 21/19 36/13
stopping [1] 28/19
Street [2] 1/14 1/18
subject [1] 41/9
submit [1] 39/24
submitted [1] 39/5
substantial [2] 5/11 5/12 18/3
substantially [1] 21/4
such [5] 14/7 21/15 24/1 34/16 36/7
supervised [3] 14/25 15/19 42/8
supervision [1] 42/17
supporting [1] 28/22
supposed [2] 23/14 23/15
sure [2] 4/2 29/3
surrender [1] 40/10

**T**

take [8] 4/5 6/10 18/19 25/17 39/19 40/3 41/19

taken [1] 9/17
talk [10] 10/11 13/9 14/14 14/16 14/18 16/16 17/20 20/9 29/15 39/17
talked [1] 16/19
telephone [1] 2/2
term [1] 14/25
terms [5] 6/25 12/8 13/6 14/14 40/6
Terrific [1] 5/15
testify [4] 9/8 32/7 32/14 32/20
testimony [2] 13/13 14/2
than [9] 15/1 15/19 17/16 19/7 19/8 20/5 22/12 22/16 25/9
thank [14] 6/7 6/13 7/20 8/2 9/3 26/16 27/1 27/20 38/4 41/24 41/25 42/23 42/24 43/2
thank you [11] 6/7 7/20 8/2 26/16 27/1 27/20 38/4 41/24 42/23 42/24 43/2
Thanks [1] 4/11
that [268]
that's [19] 4/2 4/3 4/17 8/10 10/20 15/7 16/1 16/14 18/19 20/16 22/23 23/2 25/6 25/6 25/13 27/13 29/6 39/21 42/15
their [1] 42/11
them [5] 21/5 21/14 23/4 33/22 42/10
then [13] 4/12 4/24 5/8 10/6 12/8 12/10 14/17 19/12 26/13 29/2 29/15 36/25 39/8
there [15] 4/25 9/21 11/17 25/13 30/2 30/5 30/25 33/24 35/7 38/18 38/19 40/3 41/4 41/19 42/18
there's [3] 4/15 33/2 38/13
therefore [5] 5/11 17/4 38/13
these [7] 4/16 7/14 9/19 9/23 35/8 36/3 36/6
they [7] 17/10 20/17 21/5 21/14 23/10 26/5 30/4
they're [2] 16/16 16/23
they've [1] 21/13
thing [5] 4/13 12/7 14/16 23/2 29/2
things [4] 3/21 13/13 17/10 31/10
think [4] 3/21 3/25 9/22 39/23
this [56]
those [26] 5/16 6/24 13/6 13/20 13/21 14/1

**T**

those... **[20]** 16/8 16/22 16/25 17/1 23/15 27/2 27/21 27/22 30/20 33/21 34/7 34/17 35/16 37/19 37/23 38/1 41/4 41/13 41/14 41/15
thought **[1]** 27/11
threatened **[2]** 5/5 36/21
threatening **[2]** 5/3 17/25
three **[5]** 15/1 15/20 16/23 18/2 18/13
three-level **[1]** 18/13
through **[3]** 8/6 8/13 39/8
time **[7]** 6/5 7/4 7/8 10/2 10/11 19/23 28/11
timely **[2]** 15/7 16/1
Title **[2]** 8/17 8/20
titled **[2]** 12/19 44/4
today **[7]** 30/24 32/2 33/13 34/16 34/23 36/6 41/22
top **[1]** 3/23
total **[6]** 16/4 18/10 18/15 19/3 19/6 19/13
toward **[1]** 35/2
traceable **[1]** 14/6
transcript **[3]** 1/9 2/8 44/3
transcription **[1]** 2/8
trial **[20]** 10/19 13/14 29/19 29/19 30/14 30/15 30/18 31/1 31/9 31/17 32/4 32/7 32/20 33/1 33/2 33/6 33/15 36/4 37/18 41/20
trials **[1]** 33/5
Troy **[2]** 1/13 3/7
troy.edwards **[1]** 1/16
trying **[2]** 28/13
Tuesday **[1]** 6/3
turn **[7]** 5/17 12/9 12/10 14/4 16/15 26/9 29/1
turns **[3]** 17/14 19/6 20/4
two **[11]** 3/21 4/5 9/18 10/20 14/17 18/4 18/8 18/11 34/17 35/16 36/6
two-level **[1]** 18/8

**U**

U.S **[2]** 1/13 42/9
U.S. **[2]** 13/2 13/4
U.S. Attorney's Office
  **[2]** 13/2 13/4
U.S.C **[8]** 4/17 10/23 12/15 12/17 26/17 27/15 38/15 38/17
ultimate **[1]** 22/24
ultimately **[2]** 19/24 25/6
unable **[1]** 6/1
unanimously **[2]** 30/21 31/5

30/1
understand **[62]**
understanding **[1]** 36/12
understands **[1]** 38/10
understood **[17]** 7/6 7/10 12/5 13/18 16/5 18/24 19/4 19/9 19/16 20/7 20/18 20/21 24/11 29/12 31/13 35/25 40/1
unhappy **[1]** 29/10
UNITED **[12]** 1/1 1/3 1/10 3/6 8/18 8/21 10/9 10/21 13/11 21/10 21/10 24/19
United States **[8]** 8/18 8/21 10/9 10/21 13/11 21/10 21/10 24/19
United States of **[1]** 3/6
unnecessary **[1]** 5/10
until **[4]** 6/3 6/4 6/4 41/11
up **[28]** 6/15 7/1 8/8 11/4 17/22 21/9 21/19 24/5 25/6 25/16 29/16 30/10 31/16 32/3 32/8 32/20 32/21 33/14 34/4 34/16 35/3 35/4 35/13 36/4 36/13 36/17 37/17 41/19
upon **[6]** 10/6 16/23 18/21 19/12 19/22 20/25
upward **[2]** 20/12 20/12
usdoj.gov **[1]** 1/16
used **[3]** 14/2 32/16 32/22

**V**

valuable **[1]** 36/7
verify **[1]** 4/1
versus **[2]** 3/6 42/10
via **[1]** 2/2
victim **[3]** 24/18 24/18 24/19
violate **[1]** 41/14
violated **[1]** 35/9
violation **[9]** 8/17 8/20 10/21 10/23 12/15 12/16 12/24 38/15 38/16
violence **[1]** 13/5
violent **[1]** 12/23
voluntarily **[1]** 38/12
vote **[2]** 28/16 36/8
vs **[1]** 1/5

**W**

wait **[2]** 6/3 43/1
waive **[2]** 8/22 8/25
waived **[1]** 13/21
waiver **[7]** 37/12 37/15 37/16 37/18 37/19 41/20 41/21
waiving **[2]** 12/11

want **[10]** 5/17 8/7 8/8 8/9 11/5 16/18 29/13 29/18 37/17 39/19
wanted **[1]** 7/23
warrantied **[1]** 18/8
was **[11]** 13/2 18/5 24/20 24/23 26/24 30/4 30/5 35/7 37/10 37/11 37/13
Washington **[3]** 1/5 1/15 2/6
way **[5]** 5/16 10/20 29/23 35/9 36/22
we **[13]** 3/21 8/4 8/25 16/10 16/11 26/9 37/10 39/23 41/19 41/22 42/7 42/11 42/12
we'll **[6]** 6/10 12/10 14/18 29/2 39/24 40/3
we're **[2]** 17/1 35/1
we've **[1]** 39/23
weapons **[1]** 40/14
weekly **[2]** 40/17 42/11
welcome **[1]** 3/15
well **[8]** 4/8 10/6 14/6 15/6 18/13 19/18 34/9 41/20
went **[2]** 27/11 37/10
were **[6]** 10/9 28/13 29/9 33/2 33/6 35/8
what **[33]** 4/2 7/1 8/4 8/8 9/7 9/12 11/25 16/22 17/8 19/3 19/23 19/25 20/14 21/3 22/19 22/24 23/16 24/3 25/5 26/10 26/13 30/2 31/20 32/7 33/1 33/19 35/5 36/17 38/11 38/20 40/7 40/21 41/10
what's **[4]** 17/9 20/24 29/24 35/4
whatever **[2]** 24/8 29/9
when **[2]** 6/12 42/11
where **[2]** 40/20 42/16
whether **[10]** 7/24 21/9 21/19 21/20 26/13 29/4 29/5 30/5 33/5 33/6
which **[15]** 6/1 10/22 12/1 12/3 13/1 16/24 24/16 27/3 31/24 32/10 32/14 35/7 39/24 40/24 42/20
who **[2]** 24/16 28/22 30/3
whole **[3]** 23/3 24/18 38/22
why **[6]** 4/5 6/15 32/9 39/17 39/23 42/16
will **[32]** 12/21 12/23 15/9 17/8 17/9 17/10 17/20 17/24 18/8 18/11 19/2 19/24 19/25 20/21 22/8 22/20 22/24 23/17 23/25 25/5 30/25 31/1 38/18 38/19 38/20 38/22 39/4 39/9 41/8 41/10 41/12 42/19

wish **[13]** 6/18 7/8 8/22 8/24 10/12 10/19 13/23 30/14 31/22 36/13 39/1 39/14 40/2
withdraw **[8]** 17/17 19/9 20/6 21/25 22/3 24/10 25/10 29/11
within **[2]** 12/25 24/4
witness **[1]** 32/8
witnesses **[3]** 13/17 31/13 31/21
won't **[1]** 20/17
work **[1]** 23/5
works **[1]** 23/6
would **[40]** 8/25 17/4 17/17 18/15 19/8 20/6 21/6 21/24 22/2 23/10 24/10 24/19 27/9 29/10 30/3 30/4 30/13 30/14 30/17 30/19 30/21 31/8 31/10 31/11 31/11 31/12 31/19 31/22 32/6 32/13 32/14 32/15 32/25 33/3 33/10 33/18 34/13 35/7 40/8 42/7
wouldn't **[1]** 25/10
wrong **[1]** 35/8

**Y**

years **[4]** 14/20 15/1 15/15 15/20
yes **[128]**
yet **[1]** 11/18
ymail.com **[1]** 1/20
you **[272]**
you understand **[2]** 26/13 29/3
you'd **[1]** 39/10
you'll **[3]** 16/3 38/25 39/13
you're **[24]** 6/12 7/1 12/4 12/11 13/20 16/24 18/14 24/9 29/10 29/23 30/9 31/4 32/3 32/19 32/21 33/14 34/4 34/7 34/16 35/3 35/3 36/4 36/13 36/17
you've **[23]** 8/15 9/6 12/3 12/5 12/14 13/10 13/13 13/21 14/9 16/18 18/7 20/20 21/4 21/13 22/9 22/13 23/24 24/22 25/1 28/18 34/21 38/1
Young's **[1]** 4/13
your **[217]**
Your Honor **[134]**

**Z**

Zaremba **[4]** 2/3 44/2 44/7 44/8
zero **[1]** 22/16